IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-53-FL

| | |
|---|---|
| SEBONAIRE BOYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| WILLIAM GARY ADAMS, THELMA ) | |
| JACKSON and HENRY LEWIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the court on plaintiff's motion for default judgment against defendants Henry Lewis ("Lewis") and Thelma Jackson ("Jackson") (collectively, "defendants"), filed October 26, 2011. Defendants have not responded, and the time for doing so has expired. Accordingly, the issues raised are ripe for adjudication. For the following reasons, plaintiff's motion for default judgment is granted in part and denied in part.

BACKGROUND

Plaintiff filed complaint on February 4, 2011 and alleged therein claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.* On May 12, 2011, plaintiff filed notice of dismissal as to defendant William Gary Adams. Defendant Jackson was served with process on May 31, 2011, defendant Lewis on July 11, 2011. Neither answered.

The clerk of court entered default as to Lewis on September 2, 2011 and as to Jackson on September 7, 2011. Plaintiff filed motion for default judgment as to these defendants on October

26, 2011. Plaintiff seeks judgment against defendants, jointly and severally, for his claim arising under the FLSA, in the amount of $7,735.30, plus interest from the date of judgment until paid. Plaintiff also requests judgment against defendants, jointly and severally, for his claims under the AWPA, in the amount of $6,500.00, plus interest from the date of judgment until paid.

DISCUSSION

To obtain a default judgment, a party must first seek entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." Fed. R. Civ. P. 55(a). Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1). But in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

The Fourth Circuit has held that default judgments are to be granted sparingly. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982). However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." S.E.C. v. Lawbaugh, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir.1980)).

2

A defendant, by his or her default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (citing Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). The defaulting defendant is not, however, held to admit conclusions of law. Id. The court must therefore determine whether the well-pleaded allegations in plaintiff's complaint support the relief sought in this action. Id. Plaintiff raises one claim under the FLSA and four under the AWPA, which claims the court addresses below.

A.   Plaintiff's Fair Labor Standards Act claim

Plaintiff first alleges that defendants violated the Fair Labor Standards Act, specifically 29 U.S.C. § 206(a), by failing to pay him the applicable minimum wage. Section 216(b) establishes a private right of action for a plaintiff under the FLSA.[1] Plaintiff has pled facts and submitted declarations that establish defendants' violation of the FLSA and substantiate significant damages. Defendants Lewis and Jackson therefore owe plaintiff his unpaid wages and an equal amount in liquidated damages resulting from violations of the FLSA, 29 U.S.C. § 201 *et seq*. Accordingly, defendants Lewis and Jackson are adjudged jointly and severally liable under the FLSA for the amount of $7,735.30, to be paid to plaintiff, plus interest from the date of this judgment until paid.

B.   Plaintiff's Migrant and Seasonal Agricultural Worker Protection Act claims

Plaintiff alleges violations by defendants Lewis and Jackson of 29 U.S.C. §§ 1821(d)(1), 1821(d)(2), 1822(a), 1822(c), 1823(a), and 1823(b)(1). Plaintiff also brings a claim against Jackson,

---

[1] "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . ." 29 U.S.C. § 216(b).

individually, for violation of 29 U.S.C. § 1811(b). Pursuant to 29 U.S.C. § 1854(c)(1), plaintiff seeks award of $500 in statutory damages from each defendant for the six AWPA violations asserted against both, and an additional $500 for the violation asserted against Jackson individually, totaling $6,500.00.

Upon review of plaintiff's well-pleaded factual allegations, which facts defendants have admitted by default, the court finds that defendants have violated certain provisions of the AWPA as claimed. However, plaintiff is not entitled to the entire award sought. Plaintiff's recovery of unpaid wages under his FLSA claim will adequately compensate him for defendants' violations of 29 U.S.C. §§ 1822(a) and 1821(d). See Smith v. Bonds, No. 91-818-CIV-5-D, 1993 WL 556781, at *12 (E.D.N.C. Sept. 28, 1993). Defendants' violations of sections 1822(c), 1823(a), and 1823(b)(1), and defendant Jackson's violation of section 1811(b), were sufficiently egregious to warrant the full statutory damages amount of $500 for each violation. Accordingly, defendants Lewis and Jackson are adjudged jointly and severally liable under the AWPA for violations of sections 1822(c), 1823(a), and 1823(b)(1) for the amount of $1,500.00, plus interest from the date of this judgment until paid. Further, defendant Jackson is adjudged liable in the amount of $500.00 for violation of section 1811(b).

## CONCLUSION

Plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART. The court orders as follows:

1. Defendants Lewis and Jackson are adjudged jointly and severally liable, for violation of the Fair Labor Standards Act, in the amount of $7,735.30,

4

Case 5:11-cv-00053-FL   Document 24   Filed 02/17/12   Page 4 of 5

to be paid to plaintiff, plus interest from the date of this judgment until paid;

2. Defendants Lewis and Jackson are adjudged jointly and severally liable, for violation of 29 U.S.C. §§ 1822(c), 1823(a), and 1823(b)(1), in the amount of $1,500, plus interest from the date of this judgment until paid; and

3. Defendant Jackson is adjudged liable, for violation of 29 U.S.C. § 1811(b), in the amount of $500.00, plus interest from the date of this judgment until paid.

Where defendant William Gary Adams was voluntarily dismissed with prejudice on May 13, 2011, and no issues remain, the clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of February, 2012..

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge